THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* JOHN J. HEALY, JR., AND JOHN J. HEALY, JR. *against* HENRY G. LEASK.

(Decided June 5th, 1876.)

Where a statute declared that the justices of the District Courts should hold their offices for *six* years, and that the clerks of said courts thereafter appointed should hold their offices for the *same period as the justices*, and the relator was appointed to the office of clerk, by a justice who had been two years in office, and whose term expired in four years thereafter : *Held,* that the relator's term of office was six years from the time of his appointment, and did not cease with the expiration of the term of the justice.

EXCEPTIONS ordered to be heard in the first instance at general term, to a verdict for the defendant directed at trial term by Judge VAN HOESEN.

The action was brought to oust the defendant from the office of clerk of the District Court in the city of New York for the Eighth Judicial District, and to establish the right of the relator thereto.

The facts are fully stated in the opinion.

*Nelson J. Waterbury* and *John K. Porter*, for the plaintiff.

*George Bliss*, for the defendant.

ROBINSON, J.—The question involved in this appeal as to the right of the defendant to the office of clerk of the District Court for the Eighth Judicial District of this city, depends upon the construction to be given to the provision contained in the first section of chapter 438 of the Laws of 1872, enacting as follows : " There shall be a clerk and an assistant clerk of the District Courts of said city, who shall be appointed by the justices of said courts ; they shall hold office, perform the same duties and possess the same powers as are now prescribed by law "— the existing laws prescribing the term of office of a clerk appointed under them.

At the time of the passage of this act, the term of office of such clerks was prescribed by law, but there was then no such office as assistant clerk. The relator was, under the power so conferred upon the justices of said courts, on the twentieth of May, 1872, appointed by William J. Kane, then a justice of the Eighth Judicial District, to the office of clerk of that court. Justice Kane took office on the first day of January, 1870, and held office until December 31, 1875, when his term expired. He was succeeded therein by Frederick G. Gedney, who had been elected in his place, and who, on the first day of January, 1876, appointed the defendant clerk of said court, who thereupon took the office and excluded the relator therefrom.

The laws affecting this question are as follows : By chapter 147 of the Laws of 1851, it was enacted, among other things, that there were to be appointed by the mayor and board of aldermen, or a majority thereof, of the city, on or before the thirty-first of December, 1851, a clerk of the justice's court for each judicial district of said city, created by said act, to hold office for four years. Vacancies by expiration of term or otherwise, were directed to be filled in the same manner and *for a like period.*

By a subsequent act of the same year (ch. 514, § 7), it was enacted, that on the first Tuesday of November then next, and once every six years thereafter, there should be elected a justice of said District Courts, to enter on his office on the second Tuesday of May, 1852, to hold until December 1st, 1857, and thereafter he was to enter on his duties on the first day of January succeeding his election, and *his term of office was to be for six years ;* and then follows this provision : " The clerks of these courts, hereafter appointed, *shall enter upon the performance of their duties at the same time*, and shall hold their offices *for the same period* as the justices to be elected under this act."

The act of 1855 (ch. 293), somewhat changed the power of appointment, conferring it upon the board of aldermen alone, in certain contingencies, but prescribed the term of office of clerks of the District Courts so to be appointed, as the same as that of the clerks then in office.

By the act of 1857 (ch. 344), known as the District Court act, in section 71, it was enacted, that " the clerks of these courts shall be appointed and hold their offices in the manner provided by law, and vacancies in their offices shall be filled in like manner ; provided, however, that the clerks of said courts who shall be in office at the next election of judges of said courts, shall hold their offices for the same time as the justices then elected. The acts of 1860 (ch. 300), divided the Sixth Judicial District and created a court for the Eighth Judicial District, and, by section 3, enacted that a clerk therefor should be appointed by the board of supervisors for the term of six years, from January 1, 1861. By the 4th section, a justice was to be elected at the next charter election, to hold office for six years, from January 1st, 1861. By chapter 484 of the Laws of 1862, the power of appointment of clerks of the District Courts was conferred upon the board of supervisors.

By chapter 217 of the act of 1866, § 3, the supervisors were directed to appoint a clerk of the Eighth Judicial District, " who shall hold office for the term of six years from the first day of January, 1870, and once in every six years thereafter they shall appoint in like manner *for the term of six years.*"

The next and remaining act affecting this question is that of 1872, in the provisions first above quoted.

Under these provisions plaintiffs claim that the relator Healy, having been appointed May 20th, 1872, holds the office for six years from the date of his appointment, while the defendant claims Healy's term of office ceased with the expiration of that of Justice Kane (December 31, 1875), who appointed him; and that the office being then vacant, he was duly appointed thereto.

Although, from a review of these provisions in the several statutes, having reference to the term of the office to which the relator was appointed by Justice Kane in May, 1872, there is some intimation of an intention to make the offices of justice and clerk coincident in their length of term, and in each case that it should be for the period of six years, while both were authorized to enjoy and hold their respective offices; yet nothing is disclosed by any terms used in these acts to indicate that they should be coterminous, or that the clerk to the court should be the mere subordinate and shadow of the justice while the latter remained an incumbent in office, or that the term of office of the clerk should be in any respect dependent upon the vacation of office, by the death, incapacity, resignation or removal, of the justice. His office being once created, it seems clear that the legislature, in the provisions before referred to, intended to define its term, and that it should be distinct and independent from any accidents or causes affecting the tenure of the justice, and should continue for the term (six years) prescribed for that office. Although appointed by the justice, his term of office being prescribed by statute, he was not removable at the mere pleasure of the official authorized to appoint him to office. While, under these statutes, the clerks are to hold office during the same "period" as the justice, such designation of time has only reference to the *length* of term, and not to the time of enjoyment of the office by the justice. Six years as "term of office" of clerk of the Eighth Judicial District Court, from date of appointment, was clearly indicated by the statutes, which, as to the relator Healy, has not yet expired. From these views of the existing statutes, an appointment by the justice in office of a clerk of a District Court continues for six years, without regard to whether or not the term of office of

such justice is of less duration, and such clerk continues clerk of the court for the whole term, however many casualties occur during that time changing the justice (*People ex rel. Dolan* v. *Lane,* Opinion of Ingraham, Judge, in Supreme Court; s. c. 55 N. Y. 219; *People* v. *Flynn,* Opinion of Brady, J.; *People* v. *McCabe,* and *Same* v. *Flynn,* in Court of Appeals, Rapallo, J., MSS.)

The verdict should be set aside, and a new trial ordered, costs to abide the event.

VAN BRUNT, J., concurred.

Ordered accordingly.